O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No. 2:17-CV-03045 (VEB)

JOHN C. BROSWELL,

                Plaintiff,

vs.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In March of 2013, Plaintiff John C. Broswell applied for Disability Insurance Benefits and Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the applications. Plaintiff, represented by the Law Offices of Lawrence D. Rohlfing, Monica Perales, Esq., of counsel,

commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 12, 22). On February 28, 2018, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 21).

## II. BACKGROUND

Plaintiff applied for benefits on March 15, 2013, alleging disability beginning September 13, 2010. (T at 316-17).[1] The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On April 28, 2014, a hearing was held before ALJ Edward P. Schneeberger. (T at 130). Plaintiff appeared with his attorney and testified. (T at 133-157, 171-73). The ALJ also received testimony from Randi Langford-Hetrick, a vocational expert (T at 157-67). A further hearing was held on September 3, 2014, but no testimony was taken. (T at 125). A further hearing was held on December 12, 2014. Plaintiff appeared with counsel and testified. (T at 77-90). The ALJ also received testimony from Dr. Allan Levine, a medical expert (T at 97-120), and David Rinehart, a vocational expert. (T at 120-122). A final hearing was held on

---

[1] Citations to ("T") refer to the transcript of the administrative record at Docket No. 15.

DECISION AND ORDER – BROSWELL v BERRYHILL 2:17-CV-03045-VEB

May 11, 2015. Plaintiff appeared with counsel and testified. (T at 53-62, 68-71). The ALJ received testimony from Dr. Philip Gelber, a medical expert (T at 64-68).

On May 29, 2015, the ALJ issued a written decision denying the applications for benefits. (T at 31-48). The ALJ's decision became the Commissioner's final decision on February 28, 2017, when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

On April 23, 2017, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The Commissioner interposed an Answer on August 15, 2017. (Docket No. 14). The parties filed a Joint Stipulation on January 22, 2018. (Docket No. 20).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision should be affirmed and this case must be dismissed.

### III. DISCUSSION

**A.    Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has

lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so

DECISION AND ORDER – BROSWELL v BERRYHILL 2:17-CV-03045-VEB

severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful

DECISION AND ORDER – BROSWELL v BERRYHILL 2:17-CV-03045-VEB

activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the

DECISION AND ORDER – BROSWELL v BERRYHILL 2:17-CV-03045-VEB

decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.    Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since September 13, 2010 (the alleged onset date) and met the insured status requirements of the Social Security Act through September 30, 2016. (T at 37).  The ALJ found that Plaintiff's diabetes (uncontrolled, with severe neuropathy); incomplete repair of right Achilles tendon; plantar fasciitis bilaterally; re-injury of

DECISION AND ORDER – BROSWELL v BERRYHILL 2:17-CV-03045-VEB

right Achilles from fall; morbid obesity; left heel tear of the plantar fascia involving multiple tendinitis around the foot (resulting in arthritic changes in the left food and plantar fasciitis); and right shoulder tear and impingement syndrome, status post surgery were "severe" impairments under the Act. (Tr. 37).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 37).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 416.967 (b), as follows: he can lift/carry 20 pounds occasionally and 10 pounds frequently with the left arm alone or with both upper extremities and can occasionally carry 10 pounds with either upper extremity; he can sit 6 hours in an 8-hour workday; stand for 3 hours (but not more than 30 minutes at a time); and walk for 2 hours (but not longer than 20 minutes at a time); he must avoid uneven surfaces and is limited to occasional climbing of stairs and ramps with a rail, occasional kneeling, crouching, stooping, and bending; he should avoid climbing ladders/scaffolds; avoid crawling, machinery with heavy vibrations, unprotected heights and extreme cold; and he cannot reach about chest level with his right arm. (T at 37).

DECISION AND ORDER – BROSWELL v BERRYHILL 2:17-CV-03045-VEB

The ALJ found that Plaintiff could not perform his past relevant work as a building maintenance/welder, truck mechanic, or heavy equipment mechanic. (T at 41). However, after considering Plaintiff's age (46 on the alleged onset date), education (limited), work experience, and residual functional capacity, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 41).

As such, the ALJ found that Plaintiff was not entitled to benefits under the Social Security Act from September 13, 2010 (the alleged onset date) through May 29, 2015 (the date of the ALJ's decision). (T at 42-43). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

**D.    Disputed Issues**

As set forth in the parties' Joint Stipulation (Docket No. 20), Plaintiff offers three (3) arguments in support of his claim that the Commissioner's decision should be reversed. First, he challenges the ALJ's step five analysis. Second, Plaintiff contends that the ALJ did not properly weigh the medical opinion evidence. Third, Plaintiff argues that new evidence warrants a remand. This Court will address each argument in turn.

DECISION AND ORDER – BROSWELL v BERRYHILL 2:17-CV-03045-VEB

# IV. ANALYSIS

## A.    Step Five Analysis

At step five of the sequential evaluation, the burden is on the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). If a claimant cannot return to his previous job, the Commissioner must identify specific jobs existing in substantial numbers in the national economy that the claimant can perform. See *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995). The Commissioner may carry this burden by "eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995).

Here, the ALJ relied on the vocational expert's testimony at step five and concluded that there were jobs that exist in significant numbers that Plaintiff can perform.   In particular, the vocational expert opined that a hypothetical claimant with Plaintiff's RFC could perform three representative occupations that exist in significant numbers in the national economy: information clerk, electronics work, and office helper. (T at 42).

DECISION AND ORDER – BROSWELL v BERRYHILL 2:17-CV-03045-VEB

Plaintiff challenges the ALJ's reliance on the vocational expert opinion, arguing that the ALJ was obliged to resolve a conflict between the vocational expert's testimony and the *Dictionary of Occupational Titles* ("DOT").[2]

It is well-settled that the ALJ has a duty to inquire about "any possible conflict" between the vocational expert's testimony and the DOT. *See* SSR 00-4p; *Massachi v. Astrue*, 486 F.3d 1149, 1152-54 (9th Cir. 2007). If there is such a conflict, the ALJ may accept the vocational expert's testimony only if there is "persuasive evidence to support the deviation." *Pinto v. Massanari*, 249 F.3d 840, 846 (9th Cir. 2001) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995)).

Here, the ALJ found that Plaintiff retained the RFC to sit 6 hours in an 8-hour workday; stand for 3 hours (but not more than 30 minutes at a time); and walk for 2 hours (but not longer than 20 minutes at a time). (T at 37). Plaintiff notes that the representative occupations identified by the vocational expert are all classified as "light work" positions, which generally involve a "good deal of walking or standing." 20 CFR § 404.1567 (a). Plaintiff argues that there is an unresolved

---

[2] "The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs." *Massachi v. Astrue*, 486 F.3d 1149, 1152 n. 8 (9th Cir. 2007)(citing 20 C.F.R. § 416.966(d)(1)).

DECISION AND ORDER – BROSWELL v BERRYHILL 2:17-CV-03045-VEB

conflict between the RFC finding (which limited Plaintiff to standing for 3 hours and walking for 2 hours in an 8-hour workday) (T at 37) and the vocational expert's testimony that a claimant with that limitation could perform the representative occupations.

In addition, light work is generally defined as involving lifting no more than 20 pounds at a time, with frequent lifting or carrying of objects weighing up to 10 pounds. 20 CFR § 404.1567 (a). Plaintiff asserts a conflict between this requirement and the lifting/carrying limitations assessed by the ALJ. (T at 37).

This Court finds the ALJ's consideration of these issues sufficient. The vocational expert was given a hypothetical that included the limitations set forth in the RFC. (T at 120-21). The vocational expert, whose qualifications are undisputed, testified that a person with these limitations could perform at least three jobs classified as "light work." (T at 121). The vocational expert further testified as to the number of such jobs available in the national economy, finding that the number of positions had to be eroded for one of the occupations (office helper) due to the nature of the limitations. (T at 121-22). Other than pointing to the general requirements of light work, which do not necessarily apply in all respects to all occupations classified as light work, Plaintiff offers no argument showing how the vocational expert's testimony is inconsistent with the DOT or other applicable

DECISION AND ORDER – BROSWELL v BERRYHILL 2:17-CV-03045-VEB

authority.  This Court thus finds no error in the ALJ's reliance on the vocational expert's conclusion that a claimant with limitations as set forth in the RFC determination could perform the representative occupations.  *See Gutierrez v. Colvin*, 844 F.3d 804, 809 (9th Cir. 2016)("The ALJ was entitled to rely on the expert's 'experience in job placement' to account for 'a particular job's requirements,'… and correctly did so here.")(citing SSR 004-p).  This Court finds no reversible error as to this aspect of the ALJ's decision.

**B.    Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based

substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors,' are correct." *Id*.

In this case, Dr. Joon Koh, an orthopedic surgeon, performed an evaluation in connection with Plaintiff's claim for workers' compensation benefits in March of 2014. Dr. Koh reported that Plaintiff complained of pain in the right shoulder and both legs (right worse than left). (T at 943). Dr. Koh noted an MRI showing a right shoulder cuff tear and marked limitation of right shoulder motion; right ankle incision scars and MRI showing rupture of the rotator cuff with marked retraction; a surgical report indicating delayed repair with tendon graft; and weak right plantar flexion. (T at 943). Dr. Koh assigned a 15% impairment rating to the right ankle, but deferred assessment of Plaintiff's right shoulder. (T at 945).

DECISION AND ORDER – BROSWELL v BERRYHILL 2:17-CV-03045-VEB

1    The ALJ failed to mention to Dr. Koh's report, which was error.  However,

2  this Court finds the error harmless in this particular case.  Dr. Koh did not make any

3  express findings inconsistent with the ALJ's RFC determination.  Plaintiff points to

4  the following portion of Dr. Koh's report as contradicting the ALJ's assessment:

5  "Examinee has not return[ed] to work.  He has only managed sedentary work even

6  in the future."  (T at 943).  The former sentence is merely a description of Plaintiff's

7  recent work history; the latter sentence is ambiguous, as it is not clear whether the

8  physician is reporting Plaintiff's subjective sense or offering her opinion regarding

9  Plaintiff's maximum ability to perform work.

10    Even if the phrase is interpreted as expressing an opinion that Plaintiff was

11  limited to sedentary work, the ALJ would not be bound to accept it.  The ultimate

12  decision as to disability rests with the Commissioner.  *See* 20 C.F.R.

13  §404.1527(d)(3), § 404.1527(d)(1); SSR 96-5p, *Ram v. Astrue*, 2012 U.S. Dist.

14  LEXIS 183742 (C.D. Cal. Nov. 30, 2012) ("a treating physician's opinion regarding

15  the ultimate issue of disability is not entitled to any special weight"); *Tonapetyan v.*

16  *Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (holding that treating physician's

17  opinion is not binding on the ultimate determination of disability).

18    Dr. Koh also did not provide a specific, function-by-function, assessment of

19  limitation that would support an opinion that Plaintiff was limited to sedentary work.

20

DECISION AND ORDER – BROSWELL v BERRYHILL 2:17-CV-03045-VEB

The ALJ is not obliged to accept a medical source opinion that is "brief, conclusory and inadequately supported by clinical findings." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (9th Cir. 2007) (citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)).

Moreover, the ALJ reasonably relied on other medical evidence of record, which provided sufficient support for the RFC determination. Dr. Steven D. K. Ross, a treating orthopedic surgeon, opined in May of 2011 that Plaintiff was capable of "limited duty work," provided he avoided prolonged walking, standing more than an hour, and heavy lifting more than 20 pounds. (T at 518-19).

Dr. Lloyd Tom performed a consultative orthopedic examination in June of 2014. Dr. Tom diagnosed neck and lumbar radiculopathy, diabetes type 1, exogenous obesity, and post-Achilles tendon rupture. (T at 509). He opined that Plaintiff retained the RFC to perform "light duty" work. (T at 509). Dr. Tom assessed that Plaintiff could lift/carry 20 pounds occasionally and less than 10 pounds frequently; stand/walk 6 hours in an 8-hour day; and sit for 6 hours in an 8-hour day. (T at 509).

Dr. Allan Levine reviewed the record and testified as a medical expert at one of the administrative hearings. Dr. Levine opined that Plaintiff could lift 20 pounds occasionally and frequently lift 10 pounds with the left or both upper extremities. (T

at 109). He believed Plaintiff could sit for 6 hours in an 8-hour workday with customary breaks, and stand for 3 hours in 8-hour workday, with no standing for more than 30 minutes at a time. (T at 109).

Thus, while the ALJ should have mentioned Dr. Koh's report, that error is harmless given the ample evidence of record, including assessments from a treating physician, examining physician, and reviewing medical expert (all of whom had expertise in the area of orthopedics), that supported the ALJ's RFC determination. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir.2006) (holding that an error is harmless if it was "inconsequential to the ultimate nondisability determination").

**C.    New Evidence**

The Appeals Council is required to consider "new and material" evidence if it "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 404.970(b); see also § 416.1470(b).  The Appeals Council "will then review the case if it finds that the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b); see § 416.1470(b)."

In the Ninth Circuit, when the Appeals Council considers new evidence in the context of denying the claimant's request for review, the reviewing federal court

DECISION AND ORDER – BROSWELL v BERRYHILL 2:17-CV-03045-VEB

must "consider the rulings of both the ALJ and the Appeals Council," and the record before the court includes the ALJ's decision and the new evidence. *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996).

Because the Appeals Council's decision to deny the claimant's request for review is not a "final decision" by the Commissioner, the federal courts have no jurisdiction to review it. Rather, the question presented in such cases is whether "the ALJ's decision is supported by substantial evidence after taking into account the new evidence." *Acheson v. Astrue*, No. CV-09-304, 2011 U.S. Dist. LEXIS 25898, at *11 (E.D. Wash. Mar. 11, 2011); *see also Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1233 (9th Cir. 2011). If the new evidence creates a reasonable possibility that it would change the outcome of the ALJ's decision, then remand is appropriate to allow the ALJ to consider the evidence. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).

Here, Plaintiff provided the Appeals Council with a report from his family physician, Dr. Ole A. Hoggeness, dated August 20, 2015. Dr. Hoggeness stated that he had treated Plaintiff for "years" and opined that Plaintiff could sit for less than 2 hours in an 8-hour workday and stand/walk for less than 2 hours in an 8-hour workday. (Docket No. 20-1, p. 1-2). He stated that Plaintiff would require hourly

unscheduled breaks lasting approximately 15 minutes, was limited to occasionally lifting/carrying less than 10 pounds; and had significant limitations with regard to repetitive reaching, handling, and fingering. (Docket No. 20-1, p. 3). Dr. Hoggeness opined that Plaintiff's impairments or treatments would like cause him to be absent from work more than three times per month. (Docket No. 20-1, p. 4).

The Appeals Council noted that Dr. Hoggeness's report was produced after May 29, 2015, the date of the ALJ's decision, and found it did not provide a basis for changing the ALJ's decision. (T at 2). This Court reaches the same conclusion.

As a threshold matter, evidence obtained after the ALJ has issued an adverse determination is less persuasive. *Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989); *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996)

Moreover, Plaintiff notes that Dr. Hoggeness treated him during the relevant time period, but provides no explanation for why he failed to provide the ALJ with a report from this physician prior to the decision. Although not dispositive, this fact is notable in this particular case, which included four administrative hearings, allowing ample opportunity for submission of evidence and development of the record.

Lastly, and most importantly, the record contains substantial evidence to support the ALJ's decision even if Dr. Hoggeness's report is taken into consideration. As discussed above, three orthopedic specialists (Dr. Ross, Dr. Tom,

DECISION AND ORDER – BROSWELL v BERRYHILL 2:17-CV-03045-VEB

and Dr. Levine) assessed Plaintiff's limitations in a manner consistent with the RFC determination. Plaintiff reported that he could stand and walk for 30 minutes at a time (T at 929), which contradicted Dr. Hoggeness's assessment that Plaintiff was limited to standing for 15 minutes. (Docket No. 20-1, p. 2). The extreme limitations assessed by Dr. Hoggeness are also not consistent with the contemporaneous treatment notes (T at 1163-99), including notes from Dr. Hoggeness himself to the effect that Plaintiff had no sensory loss or motor weakness and normal reflexes, with primary complaints of coughing and dizziness. (T at 1175, 1179).

Thus, this Court finds that the ALJ's decision is supported by substantial evidence after taking into account the new evidence. As such, it should be affirmed.

## V.    CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultants, and afforded the subjective claims of symptoms and limitations an

DECISION AND ORDER – BROSWELL v BERRYHILL 2:17-CV-03045-VEB

appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and substantial evidence supports the Commissioner's decision.

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

DATED this 24th day of September, 2018,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – BROSWELL v BERRYHILL 2:17-CV-03045-VEB